**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

THOMAS DORSEY BAILEY, III,                                      PLAINTIFF
ADC #148850

v.                              1:15CV00026-KGB-JTK

CHAD MCGALVAN, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing

is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Bailey is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force by Defendants while housed at the Grimes Unit.  (Doc. No. 5)  Defendants McGalvan and White were dismissed on September 2, 2015 (Doc. No. 22).

This matter is before the Court on the Motion for Summary Judgment, filed by remaining Defendants Hunt and Thompson (Doc. No. 23).   By Order dated January 5, 2016, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 26).  The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in the dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2).[1]  As of this date, Plaintiff has not filed a Response to the Motion, and has not

---

[1]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

otherwise corresponded with the Court.

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed

---

It is the duty of any party not represented by counsel
to promptly notify the Clerk and the other parties to
the proceedings of any change in his or her address,
to monitor the progress of the case and to prosecute
or defend the action diligently . . . . If any communi-
cation from the Court to a pro se plaintiff is not
responded to within thirty (30) days, the case may be
dismissed without prejudice. . . .

3

by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.      Exhaustion

Defendants first ask the Court to dismiss them from Plaintiff's Complaint, due to his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance policy, Administrative Directive (AD) 14-16 (Doc. No. 23-9).  Defendants state that although Plaintiff filed a grievance about the incident at issue (NC-15-00524), the grievance was rejected as involving a disciplinary matter (Doc. No. 23-5).  In addition, Defendants state Plaintiff did not exhaust his disciplinary conviction by attempting to appeal it to the Warden, Internal Affairs Administrator, or the Director.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

4

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In  Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

The ADC grievance procedure places inmates on notice of the grievance and exhaustion requirements: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.   If this is not done, their lawsuits or claims may be dismissed immediately."  (Doc. No. 22-1, p. 17)

In the grievance filed on December 16, 2014, Plaintiff complained that on December 11, 2014, Defendants Thompson and Hunt struck and threatened him with racist comments while moving him from his cell. (Doc. No. 23-5, p. 1) Plaintiff was charged with a disciplinary on December 15, 2014, for  falsely accusing the officers of hitting him and making racist comments. (Doc. No. 23-7, p. 1) In addition, the grievance was rejected by the inmate grievance coordinator as involving a disciplinary matter.  (Id., pp. 2-3).  It appears, however, that Plaintiff appealed that

decision, and in response, the Chief Deputy/Deputy/Assistant Director also issued a decision rejecting it on that basis.  (Doc. No. 5, pp. 5-6) Since Plaintiff named the two Defendants in this grievance, pursuant to AD 14-16, and since he appealed it to the highest level, the Court finds he adequately exhausted his administrative remedies.  Therefore, Defendants' Motion to dismiss his complaint based on his failure to exhaust should be denied.

### B.    Excessive Force Claims

Based on Plaintiff's failure to respond to Defendants' Motion, the Court deems their Statement of Facts as admitted (Doc. No. 24), and therefore finds as a matter of law that Plaintiff does not support a claim of excessive force against them.  First, the Court agrees that the monetary claims against Defendants in their official capacities should be dismissed pursuant to sovereign immunity.  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

Next, the Court finds that the claims against Defendants in their individual capacities also should be dismissed, because Plaintiff provides absolutely no proof, other than the allegations of his Complaint, that Defendants used excessive force against him in violation of the Eighth Amendment. To support an excessive force claim, Plaintiff must prove that the force applied by Defendants was not in a good-faith effort to maintain or restore discipline, but rather, applied maliciously and sadistically to cause harm.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).  In addition the "extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation.  Id., (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992) (other citations omitted).  However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins, 559 U.S. at 37, (quoting Hudson, 503 U.S. at 9).

In this case, both Defendants submit declarations denying that they struck Plaintiff on December 11, 2014, and denying that they made racist statements against him. In addition, they include the statements submitted to their superior, Captain Chad McGowan, during an investigation into Plaintiff's allegations, which are consistent with their present declarations. (Doc. No. 23-6) Finally, Defendants present Plaintiff's medical records, which reflect that he was not treated for any injuries following the incident and that he did not complain of being injured by Defendants. (Doc. No. 23-4) Based on this uncontroverted evidence, the Court agrees with the Defendants that Plaintiff does not provide any proof that they used force against him, or that they acted maliciously and sadistically in an effort to harm him.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 23) be GRANTED, and Plaintiff's claims against them be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 26th day of January, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE